EJECTMENT.

Case 28.

## Hunter, &c. *vs.* Ayres, &c.

APPEAL FROM OWEN CIRCUIT.

1. The limitation of seven years gives protection to the occupant only from the time he acquires title or claim, by contract express or implied.

2. It is the duty of the court, in giving instructions as to the effect of a possession of seven years as protection, distinctly and clearly to tell the jury that it must be a possession for seven years, with title, and that any possession before the acquisition of title is unavailing.

Case stated.

This is an action of ejectment brought originally in the General Court, and removed to the Owen Circuit Court. The demises are laid in the name of Hunter and others, as heirs of Robert Hare. The plaintiff claims under a patent for 1,000 acres, and is dated in 1788, and covers nine tenements in the possession of different individuals.

The plaintiff's evidence conduced to prove all the facts necessary to authorize a recovery. The defendants relied upon the limitation of seven years as protection. The jury found two of the defendants guilty, and the others not guilty of the ejectment charged. The instructions of the court were directed particularly to the facts which would entitle the defendants to the benefit of the seven years limitation act of 1809.

A new trial was moved for by the plaintiff, and granted as to two of the defendants found not guilty, and overruled as to the others. The plaintiff has appealed.

*Thomas N. Lindsey*, for appellants—

The evidence relied upon by the plaintiff is the patent to Andrew Hare, proof of his death, and that the lessors are his heirs-at-law, that the patents covered the defendants' tenements, in whole or in part, and that they were in possession at the date of the service of the declaration.

The defendant Sallee relied upon a possession of seven years, under a patent dated January, 1827. The other defendants attempted to connect themselves with a junior patent, (either as tenants or purchasers,) which issued to Bodley and Connelly, and a possession of more than seven years.

The appellant seeks to reverse the judgment on several grounds, and the case of each defendant will be noticed.

It is insisted that the patent to Little, under which Sallee claims, is void, as Little never was a settler upon the land.

The proof is very satisfactory to show that R. S. Ayres had not seven years' possession under the title of Bodley and Connelly, at the institution of this suit.

The proof shows that Ayres, Mrs. Chrisman, and her daughter, Mrs. May, were upon the land, and that they had not *title* and *possession* for seven years before suit brought; and no possession can avail unless with title. (*See* 2 *Stat. Law*, 1141.)

There is no proof that Callender ever bought 100 acres of Bodley and Connelly before the date of the deed for 213 acres, by metes and bounds, directly to Maddox, seven years before the institution of this suit; but if an anterior parol contract was good for the 100 acres, plaintiff should have recovered the remainder of the two hundred and thirteen.

The court cannot say that any defendant is entitled to the protection of the seven years statute of limitation, unless the proof shows a residence within the interference. (*Smith's heirs vs. Frost*, 2 *J. J. Marshall*, 427.) A tenant or vendee who is limited to one hundred acres, to be laid off around his improvements, cannot have the benefit of the statute until his metes and bounds are defined, and shown to be inside of the lap, when his residence is outside.

The settler can have no benefit from any previous residence before the acquisition of title. The words of the statute are: "That when the settler shall

Hunter, &c.
vs.
Ayres, &c.

have acquired such title or claim after the time of the settlement made, the limitation shall begin to run only from the time of acquiring such title." (*Stat. Law*, 1843.)

Connelly and Bodley are not shown to have had any possession, except of the fifty acres leased by Beard, and that is not shown to be within the interference, and if it were, after Connelly and Bodley divided in 1841, this lease could throw no protection over Shortridge, but he had to look exclusively to Connelly, who done nothing in the premises until Herndon, his agent, sold to Brock in 1842, not seven years before suit was brought.

The boundaries of a settler's claim and of his actual settlement may be essentially different; but so far as he has made permanent improvements in connection with his residence, and within his claim, so far his settlement extends. (*Davis vs. Young*, 2 *Dana*, 303.)

The deed from Sloan as commissioner never was approved by the court, and there was no proof that the grantors named were the heirs of Bodley. (*Poage vs. Chinn*, 4 *Dana*, 58.) The lease to Beard, the deed, and the record, ought all to have been excluded.

The instructions which were changed by the court and made to differ from the form in which they were asked by the plaintiff, should not have been so modified.

A reversal is asked.

*Geo. W. Craddock*, for appellees—

The plaintiffs claim under the patent of Hare, which is older than that of Bodley and Connelly, under whom the defendants principally claim, and rely upon possession for more than seven years before the bringing of this suit.

The proof shows that R. S. Ayres, and those under whom he claims, have been in possession since 1839 or '40, more than seven years before suit. The

fact that a party who buys in another claim after his entry under the first, is protected, is well settled. (12 *B. Monroe*, 452.)

Sallee is protected by a patent and possession for more than 20 years before suit brought.

Luke Chrisman entered in 1837, under the claim of Bodley and Connelly, and Connelly, when upon the land, recognized him as his tenant. Herndon afterwards, as his agent, sold to him, including his improvement, and the title made to Brock.

Michael Jump is protected by the patent of May, Bannister, & Co., which is older in date, and covers the land sued for with a small exception, which we contend is protected by the lease to Beard.

Beard took a lease from Scott, as the agent of Bodley and Connelly, in 1827. By the terms of this lease Beard was to hold possession for five years, pay fifty dollars, and have fifty acres of land. He remained one or two years and sold to Maddox, who took his place as lessee, and so held until his death, and his family remained on the land ever since. At the date of Beard's entry there was no adversary possession. Beard says he held under the lease, though he claimed no land outside of the fifty acres, meaning, doubtless, that he claimed right to no more than the fifty acres.

The lease to Beard was made with the intent of securing possession of the whole tract, and there was no boundary circumscribing his possession to less than the whole survey. It is not perceived why the defendants cannot avail themselves of this possession to protect them from the plaintiffs' claim.

Clarke also entered in 1837, under John Scott, as the agent of Bodley and Connelly. His possession was not circumscribed, and no reason is perceived why his possession will not also protect the defendants. (*Lee vs. McDaniel,* 1 *Marshall,* 234; *Owings vs. Gibson,* 2 *Ib.* 515; *McKinney vs. McKinney,* 461; 3 *Litt.* 187.)

HUNTER, &c.
*vs.*
AYRES, &c.

Chief Justice MARSHALL delivered the opinion of the Court—

January 6.

This action of ejectment was brought upon the demise of Hunter and others, as heirs of Robert Hare, the grantee of a patent for ten thousand acres of land, issued in 1788, to recover nine tenements in the possession of as many tenants, in the county of Owen. The plaintiff having adduced evidence conducing to prove all the facts necessary to authorize a recovery, the defendants on their part introduced evidence intended to make out a defense under the seven years limitation act of 1809. The jury, under instructions from the court, directed particularly to the question as to the facts which would entitle the defendants to the benefit of the seven years limitation, found two of the defendants guilty and the others not guilty of the trespass and ejectment charged. A judgment was rendered according to the verdict, and a new trial having been granted on the plaintiffs' motion as to two only of the defendants found not guilty, and the motion as to the others having been overruled, the plaintiff has brought the case to this court.

It appears that the land sued for is covered by the junior patent of Bodley and Connelly, under which most of the defendants claim protection, as well as by that of Hare, under which the plaintiffs derive title. It seems, however, that one of the defendants, Sallee, obtained in 1827 a patent to himself on a Kentucky land office treasury warrant, for eighty acres, of which he has been in possession ever since the date of the patent, claiming under it. The instruction of the court with respect to him was correct, and the verdict of the jury in his favor being clearly authorized and, indeed, required by the evidence, there was no ground for a new trial as to him; and it will be understood that his case is not included or referred to in our further remarks upon the questions of law or fact involved in the case.

The court correctly instructed the jury that they should find for the defendant Jump, so far as the

land sued for was within the patent of May, Bannister, & Co., which is older in date than that of Hare. But it does not appear that any of the land under that patent was claimed in this suit. And as Jump's possession extended beyond the line of May, Bannister, & Co., and within the patent of Hare, his case to that extent comes under the same principles that are applicable to the other defendants. The main question in the case is, at what time did the possession of the defendants become so connected with the title of Bodley and Connelly as to bring them within the operation and protection of the limitation act of 1809? And this question includes not only the inquiry as to the period when the possession of each, and its connection with the patent, commenced, but also the inquiry, what must be the nature of the possession, and of its connection with the patent, in order to entitle it to the benefit of the limitation? With respect to the nature of the possession required, there is little difficulty, because there is and has been for some indefinite period, (in most of the cases more than seven years,) an actual settlement or residence within the tenements claimed by the defendants respectively, and which has been transmitted to the present occupants. But the material inquiry is, what must have been the connection between the possession and the patent, and when must that connection have commenced?

In the case of *Poage's heirs vs. Chinn's heirs*, 4 *Dana*, 54, it was decided, and it has been so held ever since, that the relation of landlord and tenant is a sufficient connection of the possession with the title of the landlord, and that, as that relation may be created and maintained for a succession of years by parol, so it may be proved by parol. And in the same case, *page* 58, it was also decided that the bare claim to be in possession under the title of another, without any contract, express or implied, is not evidence of such a connection between the possession and the title as is requisite to constitute a bar under the statute.

HUNTER, &c.
*vs.*
AYRES, &c.

1. The limitation of seven years gives protection to the occupant only from the time he acquires title or claim, by contract express or implied.

HUNTER, &c.
*vs.*
AYRES, &c.

And as the statute expressly enacts, (in both the 1st and 2d sections,) that "where the settler shall have acquired such title or claim after the time of the settlement made, the limitation shall begin to run only from the time of acquiring such title or claim," we think it is perfectly evident that no possession can operate, or begin to operate to give protection under the statute until by contract, express or implied, it has become connected with the title.

2. It is the duty of the court, in giving instructions as to the effect of a possession of seven years as protection, distinctly and clearly to tell the jury that it must be a possession for seven years, with title, and that any possession before the acquisition of title is unavailing.

As the written contracts by which most of the defendants connect themselves with the patent of Bodley and Connelly, bear date in the year 1842, within seven years before the commencement of this action, and were made by an agent whose authority, as exhibited in this case, was also given in 1842, and as the defendants' witnesses state in general terms that such and such persons, the defendants or those from whom they derived their possession, were in possession prior to the date of these contracts, claiming under Bodley and Connelly, it was essential to a correct finding of the facts on which the application of the statute depended, that the court, in instructing the jury on that subject, should have informed them distinctly and explicitly, that the statute did not begin to operate so as to protect the possession until there was a contract, express or implied, written or parol, with the patentees or their agent, or with one of them, or the agent of one, or the heirs or alienee of one or both, or his or their agent, by which the tenant in possession at the time obtained or held the possession under that patent, and that the subsequent recognition by a party so entitled or authorized, of a possession previously taken avowedly under that claim, but without any such contract, did not carry back the statute to the commencement of such possession, or of the claim to hold under that title. The instruction given on this subject is not only not explicit in stating the law as above declared, but it is, in our opinion, open to the inference by the jury, which, under the evidence in the case, was pro-

bably one ground of their verdict, that a subsequent recognition by one of the patentees, or by a person entitled under or authorized by one of them, would retroact upon the previous possession, and bring it within the operation of the statute, so that if continued for seven years from its commencement it would be protected against an adverse claim. The instruction is, therefore, in our opinion, misleading and erroneous, and as it affects the entire verdict, so far as found for the defendants, except as to Sallee, the plaintiffs' motion for a new trial should have been granted, not only as to the two defendants as to whom there were other grounds, but as to all except Sallee.

With regard to the lease from Scott, claiming to act for Bodley, &c., to Beard, under which it is contended that possession was acquired to the whole extent of the patent of Bodley and Connelly, which being made twenty years before the commencement of the action, brought the whole patent within the protection of the seven years limitation, its efficacy depended first upon the authority of Scott, which is not shown, and further upon the question whether it was accepted as a lease of more than fifty acres, which is at least doubtful upon the evidence of Beard himself; and third, whether the possession to that extent, if ever acquired, was not lost or abandoned; as to which, reference is made to the case of *Simon vs. Gouge*, 12 *B. Monroe*, 162–3.

For the error which has been pointed out in the instructions, the judgment in favor of the defendants, except Sallee, is reversed, and the cause remanded for a new trial, as to all the defendants who were found not guilty, except Sallee. But the judgment as against the two defendants found guilty, and also as to Sallee, is not disturbed.